UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERESA KING ESQUIRE, LLC,** | * | **CIVIL ACTION NO. 23-6424** |
| Plaintiff | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **AXIS SURPLUS INSURANCE COMPANY** | * | **MAGISTRATE** |
| Defendant. | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:  The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Defendant, AXIS Surplus Insurance Company (hereinafter "Defendant"), who submits this Notice of Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.      BACKGROUND**

1.

On August 24, 2023, Plaintiff, Teresa King Esquire, LLC (hereinafter "Plaintiff"), filed this lawsuit against AXIS Surplus Insurance Company in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, bearing Docket No. 197785, entitled "*Teresa King Esquire, LLC v. AXIS Surplus Insurance Company.*"[1]

---
[1] Exhibit A, *Plaintiff's Petition for Breach of Contract and Damages*.

2.

This lawsuit seeks relief from Defendant, as insurer of Plaintiff, for alleged property damage at a property located at 522 Roussell Street, Houma, LA (hereinafter "the property") due to Hurricane Ida on August 29, 2021.[2]

3.

The petition alleges Defendant refused to provide proper coverage and payment for the damages as a result of the storm.[3]

4.

The petition further alleges Defendant delayed issuance of payments, omitted payments, and failed to adequately compensate Plaintiff for damages as a result of the storm.[4]

5.

The petition alleges Defendant engaged in bad faith, was arbitrary and capricious, and purposefully or negligently refused to properly adjust the claim in good faith and pay known damages in existence at the time of the adjustment of the claim.[5]

6.

Plaintiff further alleges Defendant is in violation of its statutory obligations under La. R.S. §22:1892 and §22:1973 for failing to adequately pay claims after receipt of satisfactory proof of loss and that Plaintiff has suffered special damages as a result of Defendant's bad faith.[6]

---

[2] Ex. A, at page 1.
[3] Ex. A, at pages 2.
[4] Exhibit A, at page 2.
[5] Exhibit A, at page 3.
[6] Exhibit A, at page 3.

7.

Defendant, as alleged in the Petition,[7] is a foreign insurance corporation authorized to do and doing business in the State of Louisiana.[8] AXIS was served with the Petition for Damages on 09/22/2023.[9]

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1332.

### A. AMOUNT IN COTROVERSY IS SATISIFIED.

8.

28 U.S.C. §1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States…"

9.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 "in either of two ways: (1) by demonstrating that is '*facially apparent*' from the petition that the claim likely exceeds $75,000, or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[10]

10.

Plaintiff has alleged damages that, if true, which Defendant denies, place an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[7] Exhibit A, at page 1, Introductory Paragraph.
[8] Exhibit B, *Louisiana Department of Insurance Listing for AXIS Surplus Insurance Company*.
[9] Exhibit C, *Service*.
[10] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original and added) (quoting *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

11.

As is proper under Louisiana law, the Petition does not quantify an amount of damages. Nevertheless, where the plaintiff has not pled a specific amount of damages, "a court can determine the removal proper if it is facially apparent that the claims are likely above" the jurisdictional amount.[11]

12.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy.[12]

13.

Where a plaintiff seeks to recover attorney's fees and penalties from its insurer pursuant to Louisiana statutes, the Court must consider those claims when assessing the amount in controversy.[13]

14.

Plaintiff contends AXIS' estimate of damages to the property was insufficient in scope and value to cover the full value of the losses.[14]

15.

Plaintiff further contends it is entitled to "full value of property damage", "additional repair and remediation expenses", "all consequential damages", "all compensatory damages", "recoverable depreciation", "mental pain and anguish, emotional distress, and inconvenience", as well as penalties under 1892 and 1973, and attorney's fees and costs.[15]

---

[11] *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[12] *Mercier v. Allstate Ins. Co.*, 2007 WL 210786, at *2 (E.D. La. Jan. 17, 2007).
[13] *Mercier*, at *2.
[14] Ex. A.
[15] Ex. A, at p. 3.

16.

Plaintiff has further submitted a demand requesting $78,000, plus an attorney fee award on top of same, prior to suit being filed, which reflects the amount in controversy exceeds the jurisdictional threshold.[16]

17.

Accordingly, the amount in controversy is met based on the pre-suit Demand seeking $78,000, plus an attorney fee award, as well as the allegations of the Petition reflecting "full value of property damage", "additional repair and remediation expenses", "all consequential damages", "all compensatory damages", "recoverable depreciation", "mental pain and anguish, emotional distress, and inconvenience", as well as penalties under 1892 and 1973, and attorney's fees and costs.[17]

18.

Under La. R.S. §22:1892, an insurer is subject to a penalty in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer, as well as reasonable attorney fees and costs. Moreover, under La. R.S. §22:1973, an insurer is liable for the damages sustained as a result of a statutory breach as well as a penalty of up to two times the damages sustained, or $5,000, whichever is greater.[18]

19.

While Defendant admits no liability, nor any element of damages, Defendant has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

---

[16] Exhibit D, *Email Demand Correspondence reflecting demand of $52,000, plus a 50% penalty and fee award*.
[17] *See* Ex. A and Ex. D.
[18] *Brown v. Global Life and Accident Insurance Company*, 2015 WL 6459698, at *4 (M.D. La. Sep. 29, 2015).

### A. ALL PARTIES ARE DIVERSE

20.

Plaintiff is a Louisiana limited liability company and domiciled in Louisiana as alleged in the Petition[19] and establish via the business filing for the secretary of state.[20]

21.

AXIS is a foreign insurance corporation incorporated in the state of Illinois with its principal place of business in the State of Georgia.[21]

22.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

### B. DEFENDANT HAS SATISFIED THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL

23.

Given the above, this is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity exists between all adverse parties. As such, removal is appropriate.

24.

This removal is timely as it is being filed within 30 days of service on AXIS.[22]

25.

The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper

---

[19] Exhibit A, at Introductory Paragraph.
[20] Exhibit E, LLC Business Filing.
[21] *See* Exhibit B, Louisiana Department of Insurance Listing for AXIS Surplus Insurance Company.
[22] Exhibit C, Service.

in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

26.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages is attached hereto and marked by identification as Exhibit "A."

27.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

28.

No previous application has been made for the relief requested herein.

29.

Consistent with the provisions under 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 32nd Judicial District Court for the Parish of Terrebonne.

30.

By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections.

31.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

32.

Defendant is entitled to and requests a trial by jury herein on all issues.

**WHEREFORE**, Defendant, AXIS Surplus Insurance Company, respectfully prays that the above numbered and entitled cause of action on the docket of the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, be hereby removed from said court to the docket of United States District Court for the Eastern District of Louisiana, for a trial by jury herein, and for all other general and equitable relief.

Respectfully submitted,

/s/   E. Madison Barton
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Ste. 2000
New Orleans, LA 70112
Telephone:  504-324-6493
Facsimile:  504-324-6626
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system this 20th day of October, 2023.

/s/   E. Madison Barton